1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JASON L. PARKS,

11           Plaintiff,              No. CIV S-11-1713 DAD P

12      vs.

13   BUTTE COUNTY JAIL, et al.,

14           Defendants.            <u>ORDER</u>

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee of $350.00 or filed an

18   application to proceed in forma pauperis.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(a).  In addition, for

19   th reasons set forth below, in screening plaintiff's complaint the court finds that it is defective.

20   **I.  <u>Filing Fee or In Forma Pauperis Application</u>**

21           Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly

22   completed application to proceed in forma pauperis.

23           Plaintiff is cautioned that the in forma pauperis application form includes a

24   section that must be completed by a prison official, and the form must be accompanied by a

25   certified copy of plaintiff's prison trust account statement for the six-month period immediately

26   preceding the filing of this action.

1

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). /////

2

1    Here, the allegations in plaintiff's complaint are so vague and conclusory that the

2    court is unable to determine whether the current action is frivolous or fails to state a claim for

3    relief.   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

4    notice to the defendants and must allege facts that support the elements of the claim plainly and

5    succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

6    must allege with at least some degree of particularity overt acts which defendants engaged in that

7    support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R.

8    Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave

9    to file an amended complaint.

10    **III**. __Amended Complaint__

11    In his amended complaint, plaintiff must allege facts demonstrating how the

12    conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

13    See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

14    specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

15    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

16    connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

17    U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

18    F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

19    rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20    Plaintiff is informed that the court cannot refer to a prior pleading in order to

21    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22    complaint be complete in itself without reference to any prior pleading.  This is because, as a

23    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3

A.  Naming Proper Defendants

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the caption of his original complaint, plaintiff has named the Butte County Jail as a defendant in this action.  The Jail is not a person and is not a proper defendant for a civil rights action.  Therefore, in the amended complaint, plaintiff should not include Butte County Jail as a defendant.

Plaintiff has also named the "Butte Co. Sheriff/jail officers" as a defendant. Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff has not included any allegations suggesting the involvement of the Butte County Sheriff in the alleged violation of plaintiff's constitutional rights.  Therefore, in any amended complaint he elects to

4

1  file, if plaintiff seeks to proceed against defendant Butte County Sheriff, plaintiff must include

2  additional factual allegations addressing this deficiency.

3          As to named defendants identified by plaintiff only as "jail officers," plaintiff is

4  advised that he must identify the specific persons who were involved in the alleged violation of

5  his civil rights by name in order to proceed against them as defendants.  Moreover, the U.S.

6  Marshal would be unable to serve process on such defendants unless they are identified by name.

7        B.  <u>Plaintiff Status</u>

8          Plaintiff is advised that the applicable constitutional provision that prohibits the

9  use of excessive force depends on the prisoner's status at the time that the alleged excessive force

10  was used.  In any amended complaint he may elect to file, plaintiff must clarify whether at the

11  time force was used allegedly used against him, he was being detained for arraignment, whether

12  he had already been arraigned and was awaiting trial or trial was in progress, or whether he had

13  been convicted of criminal charges and was awaiting transfer to state prison.

14  _____CONCLUSION

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Plaintiff shall submit, within thirty days from the date of this order, either the

17  $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form

18  provided with this order;

19        2.  Plaintiff's complaint, filed June 24, 2011, is dismissed;

20        3.  Within thirty days from the date of this order, plaintiff shall file an amended

21  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

22  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

23  assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form

24  complaint provided by the Clerk of the Court and answer each question in the form complaint;

25        4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed

26  In Forma Pauperis By a Prisoner and the form complaint for use in a §1983 civil rights action;

1          5.  Plaintiff's failure to comply with this order will result in a recommendation

2 that this action be dismissed without prejudice.

3 DATED: July 29, 2011.

4

5 _____

6 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD: 4
park1713.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26